**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.: 9:16-CV-80365-MARRA/MATTHEWMAN**

ROYAL HAYES**,**

       Plaintiff,

v.

DARIN MOON, individually and
REDOX CHEMICALS, LLC,
a foreign corporation,

       Defendants.

_____/

**DEFENDANTS' MOTION IN LIMINE NO. 1 AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendants Redox Chemicals, LLC ("Redox") and Darin Moon ("Mr. Moon") (collectively "Defendants") hereby move the Court *in limine*, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, to exclude evidence, argument, or reference to and/or the use of any exhibits at trial relating to any prior agreement between the parties and/or their affiliates. Defendants respectfully submit this Memorandum in Support.

**INTRODUCTION**

Plaintiff has unambiguously testified that the 2011 Sales Agent Memo of Understanding, whereby Plaintiff had previously been involved with a group of individuals that undertook to sell Redox products in the State of Florida, has nothing to do with his claims in this case. Due to this, any evidence concerning such prior agreements is irrelevant and inadmissible because it admittedly has nothing to do with Plaintiff's only remaining claim for unjust enrichment. *See* Fed. R. Evid. 402. Further, even if evidence of a prior agreement were marginally relevant, it

should be excluded because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, [and] wasting time."  Fed. R. Evid. 403. Therefore, the Court should exclude evidence, argument, or reference to and/or the use of any exhibits at trial relating to any prior agreement between the parties and/or their affiliates, including without limitation: (1) the testimony of Jay Baker; (2) the Articles of Organization for Ag Nutrients Florida LLC, Plaintiff's Trial Exhibit No. 4;  (3) a partially executed version of a former Sales Agent Memo of Understanding, Plaintiff's Trial Exhibit No. 5;  and (4) a fully executed version of a former Sales Agent Memo of Understanding, Plaintiff's Trial Exhibit No. 6.

## ARGUMENT

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402; *see also United States v. Ray*, No. 16-11602, 2017 WL 836050, at *2 (11th Cir. Mar. 3, 2017) (unpublished).  "For evidence to be relevant, '(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.'"  *Ray*, 2017 WL 836050 at *2 (quoting *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985)); *see also* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Plaintiff intends to introduce evidence of prior agreements with Defendants and/or their affiliates, including without limitation: (1) the testimony of Jay Baker, (2) the Articles of Organization for Ag Nutrients Florida LLC, (3) a partially executed version of a former Sales Agent Memo of Understanding, and (4) a fully executed version of a former Sales Agent Memo of Understanding.  All of this evidence relates solely to a written agreement that was executed in

2011 to permit a group of individuals, which included Jay Baker[1] and Plaintiff, to sell Redox

Chemicals, LLC's products in the State of Florida in exchange for a predetermined commission

on sales.  However, Plaintiff was clear this prior agreement is not at issue in this lawsuit: "Q.

Now, if I understand correctly, you're not suing Redox based on this Exhibit 6 [*i.e.*, the fully

executed version of the former Sales Agent Memo of Understanding], right?  A. No." [R. Hayes

Dep. at 81:9-12.]

Thus, by his own admission, this evidence has nothing to do with Plaintiff's claims and

certainly can have no "consequence in determining the action," *see* Fed. R. Evid. 401(b).

Therefore, any evidence concerning prior agreements should be excluded as irrelevant pursuant

to Rule 402 of the Federal Rules of Evidence, including without limitation: (1) the testimony of

Jay Baker; (2) the Articles of Organization for Ag Nutrients Florida LLC, Plaintiff's Trial

Exhibit No. 4;  (3) a partially executed version of a former Sales Agent Memo of Understanding,

Plaintiff's Trial Exhibit No. 5;  and (4) a fully executed version of a former Sales Agent Memo

of Understanding, Plaintiff's Trial Exhibit No. 6.

In the event the Court determined such evidence were marginally relevant, it should

nonetheless be excluded pursuant to Rule 403 of the Federal Rules of Evidence.  Relevant

evidence "may be excluded if its probative value is substantially outweighed by the danger of

'unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or

---

[1]   Jay Baker provided an affidavit that is specifically limited to a discussion of this 2011 Sales
Agent Memo of Understanding.  [*See* ECF No. 25-1, pp. 2–3.]  In his deposition, Mr. Baker was
asked about the scope of his personal knowledge and expected trial testimony: "Q. So, Mr.
Baker, my question is, then, if you were to testify at the trial of this lawsuit, do you know what
you'd testify about?  A.  This exactly and only this.  I have nothing else to add to it.  Q.  And
'this' meaning Exhibit 45 [Mr. Baker's September 21, 2016 affidavit]?  A.  Yes." [J. Baker Dep.
at 12:10-16.]  Thus, Mr. Baker has clearly testified that he *only* has personal knowledge of facts
concerning the 2011 Sales Agent Memo of Understanding, *see* Fed. R. Evid. 602, which Plaintiff
has testified has nothing to do with his claims.  Therefore, the admissibility of Mr. Baker's
testimony rises and falls with the admissibility of evidence concerning such prior agreements.

needlessly presenting cumulative evidence." *See Ray*, 2017 WL 836050 at \*2; *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Quite simply, such evidence would be unfairly prejudicial to Defendants and only serve to confuse the issues, cause undue delay, and waste time. As Plaintiff has testified, this case has nothing to do with any prior agreements. If evidence were allowed to be introduced regarding prior agreements that involved Plaintiff, there would be a significant risk of "suggest[ing] decision on an improper basis," *i.e.*, on the basis of a prior agreement that has nothing to do with this case, much less Plaintiff's only remaining allegations of unjust enrichment. *See* Fed. R. Evid. 403 Advisory Committee Notes; *see also United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) ("Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning."). It would similarly risk confusing the issues and, at a minimum, would result in a waste of the Court's and Defendants' resources as the trial would be unnecessarily expanded by introducing evidence of barred claims.

Therefore, because evidence concerning prior agreements has nothing to do with whether "(1) a benefit [was] conferred upon a defendant by the plaintiff, (2) the defendant[] appreciate[ed] the benefit, [or] (3) the defendant's acceptance and retention of the benefit under [the] circumstances . . . make it inequitable for him to retain it without paying the value thereof," *see Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006), it should be excluded by the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude evidence, argument, or reference to and/or the use of any exhibits at trial relating to any prior agreement between the parties and/or their affiliates, including without limitation: (1) the testimony of Jay Baker; (2) the Articles of Organization for Ag Nutrients Florida LLC, Plaintiff's Trial Exhibit No. 4;  (3) a partially executed version of a former Sales Agent Memo of Understanding, Plaintiff's Trial Exhibit No. 5;  and (4) a fully executed version of a former Sales Agent Memo of Understanding, Plaintiff's Trial Exhibit No. 6.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Christopher S. Duke*
Christopher S. Duke

Date: April 13, 2017                Respectfully submitted,

*/s/ Christopher S. Duke*
Christopher S. Duke
Fla. Bar No. 901740
chris.duke@akerman.com
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*-and-*

Samuel C. Straight (*pro hac vice*)
sstraight@rqn.com
Calvin R. Winder (*pro hac vice*)

{41457106;1}

cwinder@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 323-3390
Facsimile: (801) 532-7543

*Attorneys for Defendants Darin Moon and Redox*
*Chemicals, LLC*

1410224

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day on all counsel of record identified on the following Service List in the manner specified this 13th day of April, 2017.

## SERVICE LIST

*Royal Hayes v. Darin Moon and Redox Chemicals, LLC*
*Case No.:* **9:16-CV-80365-MARRA/MATTHEWMAN**

**United States District Court, Southern District of Florida**
**West Palm Beach Division**

Douglas A. Willis, Esq.
Douglas A. Willis, P.A.
4440 P.G.A. Blvd., Suite 600
Palm Beach Gardens, FL 33410
Tel: (561) 775-0771
Fax: (561) 472-8401
E-mail: douglasawillis@gmail.com
*Attorneys for Plaintiff Royal Hayes*
(*VIA CM/ECF*)


*/s/ Christopher S. Duke*
Christopher S. Duke
Fla. Bar No. 901740

1410224