IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:16-CV-80365-MARRA/MATTHEWMAN

ROYAL HAYES,

    Plaintiff,

v.

DARIN MOON, individually and
REDOX CHEMICALS, LLC,
a foreign corporation,

    Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE NO. 2 AND MEMORANDUM IN SUPPORT

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendants Redox Chemicals, LLC ("Redox") and Darin Moon ("Mr. Moon") (collectively "Defendants") hereby move the Court *in limine*, pursuant to Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence, to exclude evidence, argument, or reference to and/or the use of Plaintiff's Trial Exhibit No. 1, ECF No. 25-2, Ex. 4. Defendants respectfully submit this Memorandum in Support.

### INTRODUCTION

Plaintiff seeks to admit Trial Exhibit No. 1 to prove that he was a "distributor" for Redox's agricultural products in the State of Florida. But, whether Plaintiff was a "distributor" could only be relevant to Plaintiff's barred oral contract claim and has nothing to do with whether Defendants have been unjustly enriched. *See* Fed. R. Evid. 402. And, even if evidence that Plaintiff was a "distributor" were marginally relevant, it should be excluded because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

{41457315;1}

issues, . . . undue delay, [and] wasting time." Fed. R. Evid. 403. But regardless, Plaintiff seeks through Trial Exhibit No. 1 to admit an out-of-court statement attributed to Ag Nutrients, LLC, a non-party, for the truth of the matter asserted. Thus, Plaintiff's Trial Exhibit No. 1 is inadmissible hearsay. Therefore, the Court should exclude Plaintiff's Trial Exhibit No. 1, ECF No. 25-2, Ex. 4.

## ARGUMENT

I. **PLAINTIFF'S TRIAL EXHIBIT NO. 1 IS IRRELEVANT AND WOULD BE MORE PREJUDICIAL THAN PROBATIVE**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402; *see also United States v. Ray*, No. 16-11602, 2017 WL 836050, at *2 (11th Cir. Mar. 3, 2017) (unpublished). "For evidence to be relevant, '(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.'" *Ray*, 2017 WL 836050 at *2 (quoting *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985)); *see also* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

On September 2, 2016, more than a month after Plaintiff's deposition, Defendants moved for summary judgment on all of Plaintiff's claims. [*See* ECF No. 20.] Subsequently, on September 23, 2016, Plaintiff filed an opposition to Defendants' summary judgment motion, which attached what appear to be undated photographs of a computer screen.[1] [*See* ECF No. 25.] Plaintiff contends those photographs demonstrate that "[o]n or about September 19, 2016,

---

[1] The original photographs have never been produced to Defendants, only the blurry copies attached to Plaintiff's summary judgment opposition.

{41457315;1}

the website for Ag Nutrients list[ed] [Plaintiff] as the distributor in the state of Florida."[2] [*See* ECF No. 25-2, p.8.] However, Ag Nutrients, LLC, an Idaho limited liability company, is not a party to this case and whether Plaintiff was a "distributor" is of no "consequence in determining the action," *see* Fed. R. Evid. 401(b). That is, Plaintiff's alleged status as a "distributor" has nothing to do with whether "(1) a benefit [was] conferred upon a defendant by the plaintiff, (2) the defendant[] appreciate[ed] the benefit, [or] (3) the defendant's acceptance and retention of the benefit under [the] circumstances . . . make it inequitable for him to retain it without paying the value thereof." *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Even if he were a "distributor," Plaintiff's title is simply immaterial. A title allegedly conferred on Plaintiff by a non-party could not be the source of any alleged unjust enrichment of Defendants. At most, this evidence would only be relevant to Plaintiff's barred oral contract claim, not Plaintiff's only remaining claim for unjust enrichment. Therefore, the Court should exclude Plaintiff's Trial Exhibit No. 1, ECF No. 25-2, Ex. 4.

In the event the Court determined such evidence were marginally relevant, it should nonetheless be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of 'unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See Ray*, 2017 WL 836050 at *2; *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

---

[2] Although Plaintiff's interpretation of the photograph is plainly incorrect, the weight of the evidence is not yet at issue and will not be discussed here.

{41457315;1}

Quite simply, such evidence would be unfairly prejudicial to Defendants and only serve to confuse the issues, cause undue delay, and waste time.  This case is not about whether Plaintiff was a "distributor" pursuant to an alleged oral contract or promises; it is only about unjust enrichment.  If evidence were allowed to be introduced regarding Plaintiff's status as a "distributor" pursuant to an alleged oral contract or promises which are admittedly barred by the statute of frauds, there would be a significant risk of "suggest[ing] decision on an improper basis," *i.e.*, on the basis that Plaintiff is entitled to compensation simply because he was a "distributor" and not on the basis of unjust enrichment.  *See* Fed. R. Evid. 403 Advisory Committee Notes; *see also United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) ("Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning.").  It would similarly risk confusing the issues and, at a minimum, would result in a waste of the Court's and Defendants' resources as the trial would be unnecessarily expanded by introducing evidence of barred claims.

Therefore, the Court should exclude Plaintiff's Trial Exhibit No. 1, ECF No. 25-2, Ex. 4.

## II. PLAINTIFF'S TRIAL EXHIBIT NO. 1 CONSTITUTES INADMISSIBLE HEARSAY

Not only is Plaintiff's Trial Exhibit No. 1 irrelevant, but it also constitutes inadmissible hearsay and should be excluded for that reason alone.  Hearsay is any "statement[3] that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c); *see also Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016) ("Hearsay 'is a statement, other than one made by the declarant while testifying at the trial or hearing, offered

---

[3] "'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a).

{41457315;1}

4

in evidence to prove the truth of the matter asserted.'"). "Hearsay is inadmissible unless the statement is not hearsay as provided by Rule 801(d), or falls into one of the hearsay exceptions enumerated in Rules 803, 804, and 807." *Martin*, 192 F. Supp. 3d at 1302 (quoting *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005)).

Here, it is clear that Plaintiff's Trial Exhibit No. 1 contains inadmissible hearsay. Plaintiff's Trial Exhibit No. 1 depicts a computer screen with a purported webpage that appears to have been created by Ag Nutrients, LLC—a non-party that was not deposed. [*See* ECF No. 25-2, Ex. 4.] Further, Plaintiff intends to use Trial Exhibit No. 1 to prove the truth of the matter asserted, namely that Plaintiff was a "distributor." [*See* ECF No. 25-2, p.8 ("On or about September 19, 2016, the website for Ag Nutrients list[ed] [Plaintiff] as the distributor in the state of Florida.").] Therefore, because it contains inadmissible hearsay and is not subject to any exception, the Court should exclude Plaintiff's Trial Exhibit No. 1, ECF No. 25-2, Ex. 4. *See Martin*, 192 F. Supp. 3d at 1302 ("Here, it is clear that the eBay documents are hearsay—they were created by eBay and are being used by the Defendants to establish the truth of the matter asserted, namely that the Plaintiff is the individual who created the account, as well as detailing how the account was used. . . . Although the Federal Rules of Evidence recognize an exception to the hearsay rule for records of regularly conducted activity, the Defendants have offered no explanation on how they could or would satisfy this, or any other, hearsay exception at trial. For example, the Defendants chose not to depose a corporate representative of eBay or submit an affidavit or declaration by an eBay employee authenticating the documents.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude evidence, argument, or reference to and/or the use of Plaintiff's Trial Exhibit No. 1, ECF No. 25-

{41457315;1}

2, Ex. 4.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Christopher S. Duke*
Christopher S. Duke

Date: April 13, 2017    Respectfully submitted,

*/s/ Christopher S. Duke*
Christopher S. Duke
Fla. Bar No. 901740
chris.duke@akerman.com
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*-and-*

Samuel C. Straight (*pro hac vice*)
sstraight@rqn.com
Calvin R. Winder (*pro hac vice*)
cwinder@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 323-3390
Facsimile: (801) 532-7543

*Attorneys for Defendants Darin Moon and Redox Chemicals, LLC*

1410236

{41457315;1}

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day on all counsel of record identified on the following Service List in the manner specified this 13th day of April, 2017.

## SERVICE LIST

*Royal Hayes v. Darin Moon and Redox Chemicals, LLC*
Case No.: **9:16-CV-80365-MARRA/MATTHEWMAN**

**United States District Court, Southern District of Florida
West Palm Beach Division**

Douglas A. Willis, Esq.
Douglas A. Willis, P.A.
4440 P.G.A. Blvd., Suite 600
Palm Beach Gardens, FL 33410
Tel: (561) 775-0771
Fax: (561) 472-8401
E-mail: douglasawillis@gmail.com
*Attorneys for Plaintiff Royal Hayes*
(*VIA CM/ECF*)

                                                  */s/ Christopher S. Duke*
                                                  Christopher S. Duke
                                                  Fla. Bar No. 901740

1410236