**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.: 9:16-CV-80365-MARRA/MATTHEWMAN**

ROYAL HAYES**,**

        Plaintiff,

v.

DARIN MOON, individually and
REDOX CHEMICALS, LLC,
a foreign corporation,

        Defendants.

_____/

## DEFENDANTS' MOTION IN LIMINE NO. 3 AND MEMORANDUM IN SUPPORT

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendants Redox Chemicals, LLC ("Redox") and Darin Moon ("Mr. Moon") (collectively "Defendants") hereby move the Court *in limine*, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Rules 701 and 702 of the Federal Rules of Evidence, to exclude evidence, argument, or reference to and/or the use of any exhibits or testimony at trial concerning the amount of Defendants' alleged unjust enrichment.  Defendants respectfully submit this Memorandum in Support.

### INTRODUCTION

Plaintiff has stipulated that only his unjust enrichment claim remains, requiring that he demonstrate the value of a benefit conferred by Plaintiff on Defendants that was allegedly unjustly retained.  However, despite the fact that Plaintiff has provided three damages disclosures, not a single one has contained any disclosure of alleged unjust enrichment damages.  Due to this failure to disclose, the Court should exclude any evidence of unjust enrichment

{41457991;1}

damages pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.  Similarly, even if unjust enrichment damages had been disclosed, Plaintiff would be required to prove unjust enrichment damages through expert testimony.  But, Plaintiff has not identified any witness who could provide the necessary expert testimony, much less disclosed any expert and provided an expert report.  Once again, these failures require the Court to exclude any evidence of unjust enrichment damages.  Regardless, Plaintiff cannot put forward any evidence to support unjust enrichment damages because his alleged damages all fall within the scope of the barred and abandoned oral contract.  In the event it was allowed, however, the Court should limit any evidence of unjust enrichment damages to the period between June 2013 and September 2014 because unjust enrichment damages are retrospective, not prospective.

## ARGUMENT

Rules 26(a) and (e) of the Federal Rules of Civil Procedure "require parties to disclose all bases of their expert's opinions and to supplement their expert disclosures upon discovery of an omission or as required by court order."  *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (unpublished).  Rule 37(c)(1) of the Federal Rules of Evidence provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1]  This is intended "to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978); *see also Miccosukee Tribe of Indians v. Cypress*, No. 12-22439-CIV,

---

[1]  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."  *Mitchell*, 318 Fed. Appx. at 824 (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

2013 WL 10740706, at *2 (S.D. Fla. June 28, 2013) ("These rules and principles are intended to facilitate the efficient, cost effective, and successful exchange of discovery."). Plaintiff has failed to adequately disclose his damages and elected to not disclose any experts or provide any expert reports. Due to this, the Court should exclude any evidence concerning the amount of Defendants' alleged unjust enrichment.

First, Plaintiff has never disclosed any alleged unjust enrichment damages, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "a computation of each category of damages claimed by the disclosing party"). On June 16, 2016, Plaintiff disclosed that he could not "calculate [his damages] at th[at] time until bank records of Defendants have been examined." [*See* ECF No. 15 at 3.] On June 22, 2016, Plaintiff supplemented his damages disclosure to state:

> Plaintiff's Complaint alleges in Paragraphs 26 and 30[2] that Plaintiff was to receive a 50% in all sales of agricultural products in the state of Florida. More specifically, if sales were $1,000,000,000, Plaintiff is to receive 25% or $250,000. This was the agreement between the parties that 50% of all sales would be allocated to cost and 50% was to be distributed equally to Plaintiff and Defendant, Darin Moon.
>
> Until the amount of sales is received on a yearly basis in the state of Florida, Plaintiff cannot calculate damages at this time.

[*See* ECF No. 16 at 1.] Finally, on March 30, 2017, Plaintiff again supplemented his damages disclosure. [*See* ECF No. 42.] Plaintiff's damages disclosures all rely on Plaintiff's former breach of contract and promissory estoppel claims, which Plaintiff has conceded are barred by the statute of frauds. Further, none of Plaintiff's damages disclosures mention unjust enrichment, or even reference the unjust enrichment portion of his complaint. Plainly, Plaintiff

---

[2]   Paragraphs 26 and 30 refer to portions of Plaintiff's claims for breach of contract and promissory estoppel that Plaintiff has conceded are barred by the statute of frauds. [*See* ECF No. 1.]

failed to disclose any unjust enrichment damages and, pursuant to Rule 37(c)(1), must be excluded from presenting any such evidence.

Second, even if Plaintiff had properly disclosed his unjust enrichment damages, a lay "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," Fed. R. Evid. 602, "testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," Fed. R. Evid. 701.

Here, expert testimony is necessary for Plaintiff to establish the amount of Defendants' alleged unjust enrichment—*i.e.*, the value of the benefit conferred by Plaintiff on Defendants that was unjustly retained.  Expert testimony is required to establish unjust enrichment damages for a number of reasons, including: (1) "the quantification of any unjust enrichment measure of economic loss requires an analysis of Redox's accounting records," which requires "financial expertise . . . to quantify the amounts in a conventional manner," [*see* R. Hoffman Report at 4, attached hereto as Exhibit 1]; (2) an analysis of the value of the benefit conferred by Plaintiff "would normally consider the cost of other options which were available for Redox at that time," [*see id.* at 5]; (3) in light of Plaintiff's allegations that he brought Roger Helms to Redox, "a calculation of the present value of the benefits generated by Mr. Helms must be performed and compared to the amounts Redox paid Mr. Helms for his performance," [*see id.*]; and (4) "the proper measure of economic loss under this claim requires an analysis to separate the alleged benefit conferred by Mr. Hayes from the actions of other Redox employees, such as Roger

Helms," [*see id.*].[3]  But, just as he failed to disclose any unjust enrichment damages, Plaintiff did

not identify any witness qualified to provide expert testimony necessary to prove unjust

enrichment damages.   Nor did Plaintiff disclose any experts or provide any expert reports,

despite the fact expert discovery closed on January 27, 2017.  [*See* ECF No. 12 at 2.]  Therefore,

pursuant to Rule 37(c)(1), Plaintiff should be precluded from presenting any testimony

concerning his alleged unjust enrichment damages, which would necessarily require expert

testimony.

Regardless, Plaintiff cannot seek damages based on breaches of the alleged oral contract

that Plaintiff has stipulated is barred by the statute of frauds and abandoned—that does not

qualify as unjust enrichment.[4]  That is, any benefit conferred on Defendants within the scope of

the alleged oral contract that formed the basis of Plaintiff's barred breach of contract claim

simply cannot support unjust enrichment and must be excluded.  *See, e.g.*, *Martin v. Creative*

*Mgmt. Grp., Inc.*, No. 10-CV-23159, 2013 WL 12061809, at *5 (S.D. Fla. July 26, 2013)

("Plaintiff makes no effort to explain how his work finding business deals for Defendant fell

outside the scope of the employment agreement, despite the fact that the contract clearly

---

[3]  Absent expert testimony, Plaintiff could at most provide speculative evidence of the value of
the alleged benefit conferred on Defendants, in part, because it cannot be separated from the
actions of other Redox employees without expert analysis.  *See, e.g.*, *Erickson v. Brown*, 813
N.W.2d 531, 538 (N.D. 2012) ("It is speculative at best as to what additional value Capital
Harvest brought to AGSCO that AGSCO would not have generated on its own.  It is also
speculative at best as to what increased value in AGSCO, if any, was due to Dregseth's efforts as
opposed to other employees of AGSCO.") (quoted by *Martin v. Creative Mgmt. Grp., Inc.*, No.
10-CV-23159, 2013 WL 12061809, at *6 (S.D. Fla. July 26, 2013)).

[4]  *See, e.g.*, *Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n.2 (11th Cir. 2003) ("An unjust enrichment
occurs when the defendant holds something that belongs to the plaintiff or receives, without legal
cause, a transfer of goods or services from the plaintiff.  The law of unjust enrichment is
concerned solely with enrichments that are unjust *independently* of wrongs and contracts.  When
the plaintiff relies on a breach of contract to supply the 'unjustness' of defendants' holdings, the
right on which he or she relies arises from the breach of contract, not from an unjust enrichment;
analogously, when the plaintiff relies on a wrong to supply the 'unjust factor,' the causative
event is a wrongful enrichment rather than an unjust enrichment.").

contemplated that Plaintiff would generate new business for Defendant.  The benefit Defendant received from Plaintiff in the form of new business was precisely the benefit that Defendant bargained for in the employment contract.  For this reason, there was no inequity for Defendant to keep this benefit, as Defendant paid Plaintiff for his services under the contract."); *id.* at *6 ("While Plaintiff does not specify any benefit conferred in his unjust enrichment claim, the complaint, when read as a whole, appears to be based on the theory that Plaintiff continued to work with Defendant based on the expectation that he would maintain a 3 percent ownership stake in the company . . . . But if the value of his work is the benefit Plaintiff seeks to recover, this claim must fail, because Plaintiff's work for Defendant is precisely the benefit addressed by the employment contract itself, and thus cannot be the basis of an independent claim for unjust enrichment.").  Thus, because Plaintiff has admitted that his unjust enrichment claim arises out of and is based on the barred oral contract, [*See* R. Hayes Dep. at 62:12-16 ("Q. Okay.  So just so the record's clear, these claims for promissory estoppel and unjust enrichment are based on the same facts as the alleged oral agreement; is that right?  A. I believe so.")], which admission is consistent with his Complaint and damages disclosures, *see supra* & n.2, the Court should exclude any evidence concerning his alleged unjust enrichment damages.

Even if it were to permit evidence of unjust enrichment damages, the Court should limit any such evidence to the period between June 2013 and September 2014 while Plaintiff was working with Redox.  Contrary to contract damages which are prospective and aim to provide the full benefit of the bargain, unjust enrichment damages are retrospective and designed to simply provide restitution for the value of a specific benefit that was conferred on another and unjustly retained.  *See, e.g.*, Restatement (Third) of Restitution and Unjust Enrichment § 31 cmt. I (2011) ("Restitution based on performance of an unenforceable contract is likely to yield a

smaller recovery than damages for breach. For reasons applicable to contract remedies generally, a recovery measured by benefit conferred is often less than the contractual expectation (which would give the claimant the full benefit of the bargain); it will often be less than damages measured by the claimant's expenditures in reliance (which would reimburse expenditures not resulting in measurable benefit. Restitution by the rule of this section is measured by the value of the claimant's performance to the recipient, not by what was promised in exchange, nor by what the claimant's performance cost the claimant.").[5]   That is, since "[a] claim for unjust enrichment seeks restitution from a party allegedly unjustly enriched," *Ala v. Chesser*, 5 So. 3d 715, 718 (Fla. 1st DCA 2009), it "is limited to 'restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant,'" *Tull v. United States*, 481 U.S. 412, 424 (1987).[6]  Plainly, unjust enrichment is a backward-looking remedy.

Importantly, Plaintiff's Complaint recognizes this, limiting unjust enrichment damages to "past"—*i.e.*, not "future"—distributions.  *Compare* ECF No. 1 ¶ 35 ("Defendants have been unjustly enriched at the expense of the Plaintiff through their failure to pay Plaintiff his compensation *in the form of **past** distributions from Redox*." (emphasis added)), *with id.* at 5 ("Plaintiff demands judgment in his favor and against the Defendants for compensation for the

---

[5]   *See also* R. Hoffman Report at 3–4 ("[I]n this case, any measurement of unjust enrichment damages must be less than the alleged contract damages, because the alleged unjust enrichment damages would be calculated by looking historically at amounts the Plaintiff alleges he should have been paid, rather than based on any projection of forward-looking contract damages.").

[6]   Similarly, "[d]isgorgement . . . is a quintessentially backward-looking remedy focused on remedying the effects of past conduct to restore the status quo.  It is measured by the amount of prior unlawful gains and is awarded without respect to whether the defendant will act unlawfully in the future.  Thus it is both aimed at and measured by *past* conduct."  *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1198 (D.C. Cir. 2005) (internal citation omitted); *see also SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987) (quoting *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 102 (2d Cir. 1978)) ("[T]he primary purpose of disgorgement is not to compensate investors.  Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched.").

respective interest of *future profits, distributions for Redox Chemicals LLC* and together with such other relief as the Court deems just and equitable." (emphasis added)).  Therefore, both the nature of unjust enrichment damages and the scope of Plaintiff's Complaint require that any evidence concerning the amount of unjust enrichment damages be limited to the period between June 2013 and September 2014.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude evidence, argument, or reference to and/or the use of any exhibits or testimony at trial concerning the amount of Defendants' alleged unjust enrichment.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Christopher S. Duke
Christopher S. Duke

Date: April 13, 2017                    Respectfully submitted,


/s/ Christopher S. Duke
Christopher S. Duke
Fla. Bar No. 901740
chris.duke@akerman.com
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*-and-*

Samuel C. Straight (*pro hac vice*)
sstraight@rqn.com
Calvin R. Winder (*pro hac vice*)
cwinder@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 323-3390
Facsimile: (801) 532-7543

*Attorneys for Defendants Darin Moon and Redox
Chemicals, LLC*

1410357

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day on all counsel of record identified on the following Service List in the manner specified this 13th day of April, 2017.

## SERVICE LIST

*Royal Hayes v. Darin Moon and Redox Chemicals, LLC*
*Case No.: 9:16-CV-80365-MARRA/MATTHEWMAN*

**United States District Court, Southern District of Florida**
**West Palm Beach Division**

Douglas A. Willis, Esq.
Douglas A. Willis, P.A.
4440 P.G.A. Blvd., Suite 600
Palm Beach Gardens, FL 33410
Tel: (561) 775-0771
Fax: (561) 472-8401
E-mail: douglasawillis@gmail.com
*Attorneys for Plaintiff Royal Hayes*
(*VIA CM/ECF*)

/s/ Christopher S. Duke
Christopher S. Duke
Fla. Bar No. 901740

1410357

{41457991;1}