UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80365-CIV-MARRA

ROYAL HAYES,

    Plaintiff,

v.

DARIN MOON, individually and REDOX CHEMICALS,
LLC, a foreign corporation,

    Defendants.
_____/

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment (DE 20). For the following reasons, the motion is denied.

### **I. Facts**[1]

Plaintiff Royal Hayes entered into an oral agreement with Defendants Darin Moon and Redox Chemicals in which Defendant was granted the exclusive rights to distribution of Redox Chemicals products in the state of Florida in exchange for Plaintiff's expertise in "developing new markets for agricultural products in the state of Florida." (DE 1 ¶¶ 15-16.) The oral agreement between Plaintiff

---

[1] The following facts are undisputed or, where disputed, viewed in the light most favorable to Hayes, the nonmoving party. The Court notes that Plaintiff's Response (DE 25) does not "correspond with the order and with the paragraph numbering scheme used by the movant" pursuant to Local Rule 56. Reading further, the Court finds that Plaintiff, with rare exception, does not attempt to controvert the facts included in movant's Motion (DE 20). Accordingly, under Local Rule 56, : "All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by the evidence in the record." The Court nevertheless exercises its discretion to consider Plaintiff's statements in contravention of the facts included in movant's Motion (DE 20).

and Defendants was for a specific term of three years and could not be terminated prior to the end of the three-year term. (DE 1 ¶ 28; R. Hayes Dep. at 19:8-13, 155:2-7.) The oral agreement between Plaintiff and Defendants was not memorialized in any signed writing. (R. Hayes Dep. at 47:23-48:7.)

Plaintiff brought the present action for declaratory judgment, breach of contract, promissory estoppel, and unjust enrichment. (DE 1 ¶ 1.) Plaintiff's action seeks "his unpaid compensation and past or future interests in Redox Chemicals, LLC **pursuant to certain promises and agreements** made by Defendants by and through their Authorized Officer Darin Moon. (*Id.* (emphasis added).) Plaintiff's promissory estoppel, unjust enrichment, declaratory judgment, and accounting claims each arise out of, and are based on, the same facts as Plaintiff's alleged oral agreement. (DE 1 ¶¶ 38-45; R. Hayes Dep. at 62:12-16, 63:3-9.)

## II. Legal Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It must do so by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If the burden of persuasion lies with the nonmovant, summary judgment may be granted where the movant either negates an essential element of the nonmovant's claim or demonstrates to the Court that the nonmovant's evidence is insufficient to establish an essential element of that claim. *Celotex*,

477 U.S. at 331. Any doubt regarding whether a trial is necessary must be resolved in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

After the movant meets its burden of production, this burden shifts to the nonmovant. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts or materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmovant's evidence cannot "consist of conclusory allegations or legal conclusions." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). Where the nonmovant bears the burden of persuasion, it must produce more than a mere scintilla of evidence supporting its position; "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

#### A. Pre-Trial Stipulation

Defendants argue in their Motion for Summary Judgment (DE 20) that the statute of frauds bars Plaintiff's contract claim (DE 20 at 4); that the statute of frauds bars Plaintiff's promissory estoppel and unjust enrichment claims (DE 20 at 6); that Plaintiff's request for an accounting is without an independent cause of action to justify it (DE 20 at 8); and that Plaintiff's declaratory judgment claim is derivative of claims barred by the statute of frauds and must fail (DE 8 at 20). In Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (DE 25), Plaintiff addresses only Defendants' argument against the unjust enrichment claim and the associated survivability of Plaintiff's declaratory and accounting relief. (DE 25 at 3-5.) Further, in a Joint Pre-trial Stipulation (DE 46) filed with this Court, the parties have noted that "Plaintiff has stipulated

3

the only claim remaining before the Court is for unjust enrichment." (DE 46 at 5.) Accordingly, the Court need only address Defendants' Motion for Summary Judgment as it applies to Plaintiff's unjust enrichment claim, the only claim that has not been abandoned.

### B. Motion for Summary Judgment

Defendants assert that "[t]he statute of frauds applies to claims for unjust enrichment where the unjust enrichment arose from the alleged contract." *Tews v. Valdeon*, No. 12-23026-CIV, 2013 WL 533201, at *3 (S.D. Fla. Sep. 23, 2013). Defendants' argument rests upon a determination that the contract in question is barred by the statute of frauds. Thus, the Court will first address the applicability of the statute of frauds to the subject contract.

#### 1. Enforceability of Alleged Contract under the Statute of Frauds

Defendants aver that it is "undisputed that the sole basis of Plaintiff's contract claim is an alleged oral contract for a definite three-year term that could not be terminated prior to the expiration of that definite term." (DE 20 at 5.) As such, Defendants contend that Plaintiff's contract claim is "unambiguously barred by the statute of frauds." (*Id.*) In Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (DE 25), he does not address Defendants' contention that the statute of frauds bars his contract claim.

The Florida statute of frauds provides that:

> No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ..., unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. § 725.01. "The statute of frauds was enacted to prevent fraud and the enforcement of claims based on loose verbal statements made faulty by the lapse of time, and ...should be strictly

4

construed." *LaRue v. Kalex Constr. & Dev., Inc.*, 97 So. 3d 251, 253 (Fla. 3d DCA 2012). "It is well settled that the oral contracts made unenforceable by the statute because they are not to be performed within a year include only those which *cannot* be performed within that period." *Browning v. Poirier*, 165 So. 3d 663, 665 (Fla. 2015) (quoting 9 Williston on Contracts § 24:3 (4th ed. 2011)).

It is clear from the undisputed evidence that Plaintiff's contract claim is barred by the statute of frauds as a matter of law. The sole basis for Plaintiff's contract claim is an oral contract for a definite three-year term that could not be terminated prior to the expiration of that term. *See* R. Hayes Dep. at 19:8-13; 155:2-7. It is undisputed that the alleged oral contract was never reduced to, or memorialized in, any signed writing. *See* R. Hayes Dep. at 47:23-48:7. As Defendants emphasize, these circumstances are similar to those considered in *LaRue*. There, the Florida appellate court found that it was "undisputed that LaRue's complaint was based on an alleged oral employment agreement, and the agreement and the intent of the parties was that LaRue would receive a 25% ownership interest in the company if she worked for the company for three years." *LaRue*, 97 So. 3d at 256. Accordingly, as the agreement between Plaintiff and Defendants was not reduced or memorialized in a signed writing, and because the agreement was incapable of being performed in one year, the contract on which Plaintiff's contract claim is based is rendered unenforceable by the statute of frauds. *See Id.*

2**. Unjust Enrichment Claim**

Having determined that the contract between Plaintiff and Defendants is unenforceable by operation of the statute of frauds, the Court next addresses what impact, if any, the unenforceable contract has on Plaintiff's equitable claim for unjust enrichment.

Defendants assert that Plaintiff's unjust enrichment claim is also barred by the statute of frauds. In support, Defendants rely upon a quote from *Tews v. Valdeon*, No. 12-23026-CIV, 2013 WL 5333205, at *3 (S.D. Fla. Sep. 23, 2013), to the effect that "[t]he statute of frauds applies to claims for unjust enrichment where the unjust enrichment arose from the alleged contract." *Id.* (*Browning v. Poirier*, 113 So. 3d 976, 981 (Fla. Dist. Ct. App.), opinion withdrawn and superseded on reh'g en banc, 128 So. 3d 144 (Fla. Dist. Ct. App. 2013), decision quashed, 165 So. 3d 663 (Fla. 2015), and opinion reinstated, 168 So. 3d 344 (Fla. Dist. Ct. App. 2015) ("a party whose contract is unenforceable due to the statute of frauds cannot recover for unjust enrichment, as the law will not imply a contract where an express contract exists regarding the same subject matter.").

The Court concludes that the authority upon which Defendants' rely is ambiguous at best and contrary to the weight of authority. While the court in *Tews* quoted from the *Browning* decision, it found that the contract at issue was not barred by the statute of frauds. *Tews*, 2013 WL 5333205, at *3. Thus, the Court's reference to the *Browning* decision was clearly unnecessary to its holding.

In *Browning*, the central issue was whether the contract fell within the statute of frauds. The trial court concluded that it did and granted a directed verdict on both the breach of contract claim and on the unjust enrichment claim. The trial court ruled that the oral contract was barred by the statute of frauds, and that a party seeking to enforce an express contract could not simultaneously disavow the contract and seek equitable relief. *Browning,* 113 So.3d at 978. The appellate court reversed the trial court on both claims, holding that the contract was not barred by the statute of frauds, and until it was determined whether an express contract existed, the unjust enrichment claim could be maintained simultaneously with the contract claim.

The case was then reviewed *en banc. Browning,* 128 So.3d 144. The *en banc* court reversed

6

the three judge panel's ruling, concluding that the contract was within the statute of frauds and could not proceed. *Id.* at 146. As to the unjust enrichment claim, however, notwithstanding the fact that it rejected the viability of the contract claim, the full court ruled that the unjust enrichment claim could proceed, thus rejecting the notion that a contract barred by the statute of frauds also bars a claim for unjust enrichment. *Id.* The *en banc* court then certified the question relating to the applicability of the statue of frauds to the Florida Supreme Court for review. *Id.* at 146-47. On the limited question relating to the statute of frauds, the Florida Supreme Court reversed and quashed the *en banc* panel's holding and found that the contract claim was not barred by the statute of frauds. *Browning,* 165 So.3d 663. After the reversal by the Florida Supreme Court, which only considered the question of the statute of frauds, the *en banc* panel reinstated the original panel opinion upon which Defendants rely. *Browning,* 168 So.3d 344 (Fla. Dist. Ct. App. 2015)(Mem). In view of this procedural history, the Court finds reliance upon the statement in the original *Browning* panel opinion tenuous. The full *en banc* Court of Appeals ruled that the unjust enrichment claim could proceed notwithstanding a contract unenforceable under the statute of frauds. While the original panel opinion in *Browning* was reinstated, it was based on a limited review by the Florida Supreme Court relative to the question of whether the contract fell within the statute of frauds. This limited review did not address the viability of the unjust enrichment claim. Under these circumstances, there is at the very least a question as to whether the full *en banc* court intended to recede from its stated view that an unjust enrichment claim can proceed notwithstanding the existence of a contract unenforceable under the statute of frauds.

    Without clear authority in Florida on the question of whether a claim for unjust enrichment is viable notwithstanding the invalidity of an alleged contract under the statute of frauds, the Court

examines the underlying principles that come into play. The Restatement of Restitution and Unjust Enrichment provides that "[a] valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment." Restatement (Third) of Restitution & Unjust Enrichment § 2(2) (2011). The Restatement explains:

> Contract is superior to restitution as a means of regulating voluntary transfers because it eliminates, or minimizes, the fundamental difficulty of valuation. Considerations of both justice and efficiency require that private transfers be made pursuant to contract whenever reasonably possible, and that the parties' own definition of their respective obligations—assuming the validity of their agreement by all pertinent tests—take precedence over the obligations that the law would impose in the absence of agreement. Restitution is accordingly subordinate to contract as an organizing principle of private relationships, and the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach.

*Id.* cmt. c. "The principle that unjust enrichment is preempted by contract has been described as 'settled law' and is 'followed universally in both federal and state courts.'" *Carrera v. UPS Supply Chain Sols., Inc.*, No. 10-60263-CV, 2012 WL 12860910, at *7–8 (S.D. Fla. Sept. 21, 2012) (quoting *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607-08 & n.8 (Md. 2000) (collecting cases).

That unjust enrichment claims are preempted by contract, though, does not necessarily preclude an action for equitable relief under a theory of unjust enrichment where the alleged contract is found invalid. *See* Restatement (Third) of Restitution & Unjust Enrichment § 2(2) cmt. c. ("Restitution claims ... arise in a contractual context, but they occur at the margins, when a valuable performance has been rendered under a contract that is invalid, or subject to avoidance, or otherwise ineffective to regulate the parties' obligations."). Citing to the Restatement, *Carrera* emphasized that "[r]elief may be available on a theory of unjust enrichment, for example, when a supposed contract is 'illegal,' when it is unenforceable by reason of fraud, duress, or undue influence, when a party to

the contract was incapable of entering it, or when the contract is subject to avoidance by reason of mistake or supervening change of circumstances. *Carrera*, 2012 WL 12860910, at *8 (internal citations omitted).

Florida Courts of Appeal discussing alternative pleadings have emphasized that until an express enforceable contract is proven the equitable claim of unjust enrichment is not barred. *See Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. Dist. Ct. App. 1998) (citing *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.,* 982 F.Supp. 873 (S.D.Fla.1997)). As *Mobil Oil Corp* explains:

> There is no dispute that under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. However, this doctrine does not apply to claims for unjust enrichment. It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature.

982 F.Supp. at 880 (citing *ThunderWave, Inc. v. Carnival Corp.*, 954 F.Supp. 1562, (S.D.Fla.1997)). Under this logic, "if for any reason the plaintiff fails in his proof of the express contract, he may have an opportunity to at least recover the value of the work ... upon an implied contract." *Hazen v. Cobb–Vaughan Motor Co.*, 96 Fla. 151, 117 So. 853 (Fla.1928).

Further, Florida Courts of Appeal have found that application of the statute of frauds does not foreclose equitable relief in other restitutionary contexts. In *Harrison v. Pritchett*, 682 So. 2d 650 (Fla. Dist. Ct. App. 1996), the Florida District Court of Appeal found the statute of frauds to be inapplicable in quantum meruit actions. *Harrison* emphasized that quantum meruit was a common law variety of restitution. *Id.* at 652. Citing the Restatement of Contracts, it distinguished "an action on a contract from a quantum meruit or restitution action for the purposes of the statute of frauds."

9

*Id.* (quoting Restatement (Second) of Contracts § 141, cmt. a (1981) for the principle that "[a]n action for restitution ... is not regarded as an action 'upon' the contract within the meaning or purpose of the Statute of Frauds, and the remedy is not in general affected by the Statute."). *Harrison* further noted that "Florida courts have recognized that a party can bring an action in quantum meruit when an action on an oral contract is excluded by the operation of the statute of frauds." *Id.* (citing *Miller v. Greene*, 104 So.2d 457, 462 (Fla.1958); *Collier v. Brooks*, 632 So.2d at 158 n. 20; *Neveils v. Thagard*, 145 So.2d 495, 497 (Fla. 1st DCA 1962); *Rohrback v. Dauer*, 469 So.2d 833, 834 n. 1 (Fla. 3d DCA 1985); *Hiatt v. Vaughn*, 430 So.2d 597, 598 n. 2 (Fla. 4th DCA 1983)).

Based on this rationale, an equitable claim of unjust enrichment is not barred where the alleged contract giving rise to the unjust enrichment is found unenforceable by operation of the statute of frauds. While the existence of a valid, enforceable contract precludes the availability of equitable relief, including an action for unjust enrichment, such a contract is clearly absent where unenforceable by operation of the statute of frauds. This is so because Florida Courts of Appeal have regularly endorsed two animating principles: first, that until an express enforceable contract is proven the equitable claim of unjust enrichment is not barred., *see Williams,* 725 So. 2d at 400, and second, that the statute of frauds does not foreclose other equitable means of achieving restitution, *see Harrison,* 682 So. 2d at 652. Consistent with this authority, the equitable relief available in an action for unjust enrichment is not an action "upon" the contract but rather an equitable means of seeking restitution, "an opportunity to at least recover the value of the work ... upon an implied contract." *Hazen*, 96 Fla. at 163.

On the one hand, Defendants ask this Court to find that the oral contract is unenforceable

10

by operation of the statute of frauds, thus precluding an action to enforce its terms, while on the other hand finding that there is an express contract that will preclude an action for unjust enrichment. The notion that a contract could be both deficient so as to render it unenforceable, but simultaneously is sufficient so as to limit the availability of equitable relief, is rejected.

As Plaintiff's alleged contract is unenforceable by operation of the statute of frauds, there is no valid, enforceable contract between the parties. Further, the existence of the unenforceable, alleged contract is not a bar to Plaintiff's ability to seek equitable relief. As such, Plaintiff's unjust enrichment claim is not barred by the statute of frauds as a matter of law and Defendants' Motion for Summary Judgment (DE 20) is denied.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Motion for Summary Judgment (DE 20), as it relates to Plaintiff's unjust enrichment claim, is **DENIED**. As the other claims between the parties have been stipulated as abandoned, Defendants Motion for Summary Judgment (DE 20), as it relates to all other claims is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 12th day of June, 2017.

_____
KENNETH A. MARRA
United States District Judge